***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Gallagher Basset Services as its Third-Party Administrator.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The date of the occupational disease which is the subject of this claim is December 12, 1997.
5. Plaintiff's average weekly wage was $400.00, subject to verification by a Form 22.
6. The parties stipulated the following exhibits into the record:
a. Medical Records;
b. I.C. Forms;
c. Plaintiff's Answers to Interrogatories;
d. Defendant's Answers to Interrogatories;
e. Form 22; and Personnel Records.
7. Plaintiff's Exhibit 1, Material Safety Data Sheets, was received into evidence at the Deputy Commissioner's hearing.
8. The issue for determination is whether plaintiff contracted a compensable occupational disease, and if so, to what benefits is she entitled under the Act.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was fifty-eight years old. She began working for defendant on August 5, 1997.
2. Plaintiff worked as a band saw operator cutting exhaust pipes for Freightliner trucks and Thomas buses. She pulled the blueprint, put the aluminum-coated pipe in the band saw, clamped it down, and pushed a button to cut the pipe.
3. Plaintiff worked the night shift, from 11:00 p.m. to 7:00 a.m. Dwight Hedden was her supervisor.
4. On December 12, 1997 at approximately 3:00 a.m., plaintiff noticed a small cut on her left hand. There was no bleeding. Plaintiff had fallen asleep on the job and did not know how the cut occurred.
5. Plaintiff reported the incident to her supervisor and he allowed her to go home. She did not seek any medical treatment for the injury.
6. On December 14, 1997, plaintiff sought treatment at the Emergency Department of Lake Normal Regional Medical Center for complaints of left arm and shoulder pain and right hip pain. She was diagnosed with possible arthritic hip and shoulder. No notation was made regarding the left hand cut or any history by plaintiff of the injury.
7. On December 15, 1997, plaintiff sought treatment for hives from her family doctor, Freda Sanders, PA-C, at Northlake Center for Women. A bone scan was reported as negative and plaintiff was referred to Dr. McCall. No notation was made regarding a left hand cut.
8. Plaintiff went to her family doctor on November 25, 1997 for right hip, left wrist, right wrist and right elbow pain. Plaintiff was diagnosed with trochanteric bursitis.
9. On December 22, 1997, Dr. Duncan McCall of Iredell Arthritis Clinic evaluated plaintiff for migratory polyarthralgias, including right hip pain of four months, joint pain and swelling in the arms and legs. She was given Prednisone, Elavil, Flexeril and Ultram. Dr. McCall diagnosed plaintiff with widespread myalgias of uncertain etiology, possible inflammatory arthropathy and fibromyalgia.
10. By April 22, 1998, Dr. McCall released plaintiff to return to part-time work.
11. On February 31, 1998, Dr. Wolfgang Lohrmann treated plaintiff for mild proteinurial of unknown etiology, likely due to recent Naprosyn use or hypertension.
12. On June 14, 1998, plaintiff returned to work on a part-time basis. She stopped working as of June 26, 1998.
13. Defendant's Mooresville manufacturing plant closed in 2001.
14. Plaintiff filed first notice of the claim by filing an I.C. Form 18 on May 16, 2002. She filed a Form 33 Request for Hearing on September 6, 2002.
15. Defendant was prejudiced by plaintiff's almost five-year delay in filing notice of any occupational disease. As the plant closed in 2001, many of the records were no longer available for the period of her employment.
16. During the four years defendant operated the plant, there were no reports of fibromyalgia, coronary artery disease or kidney disease claims filed between 1997 and 2001.
17. None of plaintiff's treating physicians found her at an increased risk of contracting an occupational disease as compared to the general public.
18. In 2002, plaintiff underwent coronary bypass surgery. However, there is no medical evidence of record to causally relate this condition to her employment.
19. The Full Commission finds there is no medical evidence in the record to causally relate plaintiff's fibromyagia, coronary artery disease, muscle pain and spasms, or kidney disease to her employment with defendant.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff bears the burden of proving each element of compensability in order to prove the existence of an occupational disease within the meaning of N.C. Gen. Stat. § 97-53(13). This requires the plaintiff to show that (1) the disease must be characteristic of a trade or occupation; (2) the disease must not be an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there must be proof of causation. Hansel v. Sherman Textiles, 304 N.C. 44,283 S.E.2d 101 (1981). In the instant case, plaintiff failed to establish any of these elements.
2. Even assuming plaintiff met her burden of proof, plaintiff's claim must be barred due to her failure to timely file a claim. N.C. Gen. Stat. § 97-58.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 ***********
This the ___ day of October 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT
COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
LKM/kjd